UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNY CHRISTENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0170-CVE-SAJ |
| | ) | |
| JOHN ZINK COMPANY, L.L.C., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Stay Pending EEOC Investigation (Dkt. #

21). Defendant John Zink Company, LLC ("John Zink") requests that the Court stay proceedings

until the United States Equal Employment Opportunity Commission ("EEOC") has completed its

investigation and the parties have participated in the EEOC conciliation process. For the reasons

set forth below, the Court finds that defendant's motion should be granted in part.

## I.

Plaintiff contacted the EEOC by telephone on January 3, 2007. He completed the EEOC

Intake Questionnaire on January 9, 2007, stating that defendant discriminated against plaintiff on

the basis of his age. Dkt. # 22, Ex. 2. The EEOC sent defendant a Notice of Charge of

Discrimination on February 14, 2007 (the "February 14, 2007 Notice"); defendant received this

Notice on February 20, 2007. Dkt. # 21-2. The February 14, 2007 Notice stated:

> An unperfected charge has been received by the Commission. The Commission staff
> is working to perfect the formal writing of the charge. Upon completion of this
> writing, as regulation [sic] allow, we will mail you a copy of the perfected charge.

Id. at 1.   The February 14, 2007 Notice did not name plaintiff, and it stated that no action was required of defendant at that time.

On March 20, 2007, plaintiff filed a Complaint (Dkt. # 2) in this Court alleging claims of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma public policy.  Plaintiff signed and returned the EEOC Form 5 Charge of Discrimination on April 2, 2007.  Dkt. # 21-3.  The EEOC then sent defendant another Notice of Charge of Discrimination dated April 9, 2007 (the "April 9, 2007 Notice"); defendant received this Notice on April 11, 2007.  Dkt. # 21-4.  The April 9, 2007 Notice included the perfected charge of discrimination, which named plaintiff as the charging party.  It stated that defendant should provide a statement of its position on the issues covered by the charge by April 24, 2007.  The April 9, 2007 Notice also included a statement that the EEOC has a mediation program "that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources."  Id. at 1.  The form provided defendant with the name of a mediator and advised that defendant should notify the mediator before April 24, 2007 if defendant wished to participate in the mediation program.  Id.

Defendant filed its answer in this action on May 11, 2007.  Dkt. # 12.  On June 18, 2007, defendant sent a letter and copy of the complaint to the EEOC.  Dkt. # 21-5.  On the same day, the EEOC responded:

> Thank you for faxing a copy of the Charging Partys [sic] complaint filed in District Court.  Even though, [sic] Charging Party has initiated this action the Commission still requests and requires your client to submit information and records relevant to the subject charge of discrimination.  The Commission is required by law to investigate charges filed with it, and the enclosed request for information does not necessarily represent the entire body of evidence which we need to obtain from your organization in order that a proper determination as to merits of the charge can be made.

2

Dkt. # 21-6.  The EEOC requested that defendant provide the requested information by June 29, 2007.

## II.

## A.

Under the ADEA, "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d).  The ADEA further provides, "[u]pon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." Id.

To the extent that plaintiff filed this action before the 60-day period set forth in 29 U.S.C. § 626(d), plaintiff has not exhausted his administrative remedies, and this Court does not have jurisdiction over this action.[1]  See Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005) (holding that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the ADEA).  If the charge was filed with the EEOC on April 2, 2007, see Dkt. # 21-4, at 2, then it is quite clear that plaintiff did not wait the requisite 60 days prior to filing an action because plaintiff filed the complaint in this Court on March 20, 2007.  See Dkt. # 2.  By contrast, if the Court construes the Intake Questionnaire to constitute a charge, and if the EEOC received that

---

[1]      Defendant suggests that what constitutes a "charge" is "not relevant for purposes of this Motion to Stay."  Dkt. # 21, at 4.  The Court disagrees.  If plaintiff failed to adhere to the 60-day waiting period mandated by 29 U.S.C. § 626, then the Court does not have jurisdiction over this action and lacks the power to enter a stay.

Intake Questionnaire by January 19, 2007, then plaintiff waited 60 days before filing this action in compliance with 29 U.S.C. § 626(d).

According to the ADEA regulations, a "charge shall mean a statement filed with the [EEOC] by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the [ADEA]." 29 C.F.R. § 1626.3.  "A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)."  29 C.F.R. § 1626.6.  Further, a charge should contain the following information:

> (1) The full name, address and telephone number of the person making the charge;
> (2) The full name and address of the person against whom the charge is made;
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices;
> (4) If known, the approximate number of employees of the prospective defendant employer or members of the prospective defendant labor organization.
> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1626.8. Section 1626.8(b) states: "[n]otwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission received from the person making the charge either a written statement or information reduced to writing by the Commission that conforms to the requirements of § 1626.6."  Here, the Court finds that the Intake Questionnaire contains sufficient information to constitute a charge.  The Intake Questionnaire includes plaintiff's full name, address, and telephone number; defendant's full name and address; a concise statement of facts, including pertinent dates; and the approximate number of defendant's employees.  Further, the EEOC treated the Intake Questionnaire as a charge – albeit an "unperfected charge."  Dkt. # 21-2, at 1.  In the Notice of Charge of Discrimination dated February 14, 2007 and received by defendant on February

4

20, 2007, the EEOC stated: "An unperfected charge has been received by the Commission.  The

Commission staff is working to perfect the formal writing of the charge.  Upon completion of this

writing, as regulation [sic] allow, we will mail you a copy of the perfected charge."  Id.  The EEOC

also assigned the case a charge number.[2]  Id.

The Intake Questionnaire is dated January 9, 2007.  See Dkt. # 2202, at 5.  Presumably, this

is the date that plaintiff completed the questionnaire, and not necessarily the date that the

questionnaire was filed with the EEOC.  Under the plain language of 29 U.S.C. § 626(d), the 60-day

waiting period commenced when the charge is filed with the EEOC.[3]  To the extend that the Intake

Questionnaire was filed on January 9, 2007 (or any time before January 19, 2007), then the Court

finds that plaintiff waited the requisite 60 days before filing this action, and the Court has

jurisdiction to hear this claim.

---

[2]     The Court finds the EEOC's statement to plaintiff in the January 4, 2007 letter that
"[g]enerally, submission of this questionnaire will not meet all requirements for filing a
charge" to be inconclusive.  Dkt. # 22-2, at 1.

[3]     29 C.F.R. § 1626.7(b) states: "For purposes of determining the date of filing with the
Commission, the following applies:
(1) Charges filed by mail:
        (i) Date of postmark, if legible,
        (ii) Date of letter, if postmark is illegible,
        (iii) Date of receipt by Commission, or its designated agent, if postmark and letter
        date are illegible and/or cannot be accurately affixed."

The parties did not submit any documentation concerning the date of postmark, or whether
the postmark is legible.  However, in his brief, plaintiff states that he completed and mailed
the Intake Questionnaire on January 9, 2007.  See Dkt. # 22, ¶ 3.  The Court presumes that
this statement is accurate.

**B.**

Given that the Court has jurisdiction over this action, the Court turns to defendant's request to stay proceedings pending EEOC investigation.  The ADEA states that "[b]efore instituting any action under this section, the [EEOC] shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(b).  "The legislative history of the [ADEA] manifests the congressional intent that enforcement be effected wherever possible without resorting to formal litigation." Marshall v. Sun Oil Co. of Pa., 592 F.2d 563, 565 (10th Cir. 1979).  The EEOC must make a "sincere and reasonable effort to negotiate by providing the defendant an 'adequate opportunity to respond to all charges and negotiate possible settlements.'" Equal Employment Opportunity Commission v. Prudential Fed. Savings and Loan Ass'n, 763 F.2d 1166, 1169 (10th Cir. 1985) (quoting Marshall v. Hartford Fire Ins. Co., 78 F.R.D. 97, 107 (D. Conn. 1978)).

Here, although the EEOC has initiated action, the parties have not had an adequate opportunity to engage in the conciliation process.  The February 14, 2007 Notice did not provide defendant with the name of the charging party, and it stated that defendant was not required to take any action at that point.  Defendant did not receive the April 9, 2007 Notice containing plaintiff's name and the accompanying perfected charge until April 11, 2007 – almost one month after plaintiff commenced proceedings in this Court.  On June 18, 2007, the EEOC informed defendant that the Commission was "required by law to investigate charges filed with it." Dkt. # 21-6, at 1.  Therefore, the EEOC requested that defendant submit its response, even though litigation was pending.  Absent a stay, defendant will have to take part in the EEOC conciliation process and defend itself in this

Court at the same time, which could result in unnecessary expenditures on the part of litigants and a waste of judicial resources.

The fact that plaintiff was able to file an action in this Court in March 2007 does not strip the Court of its power to stay proceedings to further the EEOC conciliation process.  The Court has inherent power to stay proceedings to conserve its own and the litigants' resources.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  More specifically, in the context of the ADEA, the Tenth Circuit has held that a stay may be appropriate to further the goal of conciliation without resort to litigation.  See Marshall, 592 F.2d at 566 ("We likewise hold that in an ADEA case, once there has been significant effort by the Secretary to effect voluntary compliance, if the district court finds that further conciliation efforts are required the proper course is to stay proceedings until such informal conciliation can be concluded.  Opportunity for full and exhaustive conciliation is thereby afforded without jeopardizing the injured persons' right of ultimate access to the courts."); Prudential Fed. Savings and Loan Ass'n, 763 F.2d at 1169 (noting that the district court "exercised its discretion to stay the suit forty-five days to provide the parties an additional opportunity to conduct conciliation").  Contrary to plaintiff's argument, the Court finds that Marshall and Prudential Fed. Savings and Loan Ass'n are not distinguishable on the ground that they involve an action by the government agency conducting the investigation.  Whether the government or an individual initiates a complaint, the ADEA contemplates conciliation efforts prior to litigation.  Ultimately, the Court finds that a stay would further Congress' intent that the parties engage in the conciliation process.

While a stay is appropriate given the particular circumstances of this case, the Court finds that the stay should be limited in duration.  Under the ADEA, in contrast with Title VII, a right to sue letter is not a prerequisite to suit.  See Shikles, 426 F.3d at 1310.  Imposing a stay until the EEOC completes its investigation and issues a right to sue letter would constitute a judicially-created administrative exhaustion requirement that is specifically excluded from the ADEA.  Plaintiff should be afforded access to federal court should conciliation fail or take an unreasonable amount of time.[4] The Court finds that a stay that is limited in duration would strike a balance between promoting the conciliation process, conserving resources, and providing plaintiff access to the courts.  Thus, the Court exercises it equitable discretion to stay proceedings – including discovery – until the conciliation process is completed, or forty-five days from the date of this Opinion and Order, whichever is earlier.  If the parties are not able to resolve the dispute through conciliation within forty-five days, then either party may file a request to lift the stay.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Pending EEOC Investigation (Dkt. # 21) is **granted in part**.  It is granted insofar as the Court hereby **stays** these proceedings – including discovery – until the EEOC has concluded its investigation, or until forty-five days from the date of this Opinion and Order, whichever is earlier.

**IT IS FURTHER ORDERED** that either party may file a motion to lift the stay if the parties are unable to resolve the issue within forty-five days.

---

[4]     The Court is particularly concerned that plaintiff would be prejudiced by any delay resulting from defendant's inaction.  Here, plaintiff alleged that defendant did not comply with the EEOC's request to submit documents by June 29, 2007.  However, in its reply filed on July 25, 2007, defendant states that it has responded to the EEOC's request for information.  Dkt. # 27, at 2.

**IT IS FURTHER ORDERED** that the current Scheduling Order is hereby **stricken**.  The Court will enter a new scheduling order if and when the stay is lifted.

**DATED** this 6th day of August, 2007.

Claire V Eagan

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT